Affirmed in part and vacated in part, and remanded with instructions by unpublished opinion. Judge DUNCAN wrote the opinion, in which Judge FLOYD joined. Senior Judge DAVIS wrote an opinion concurring in part and dissenting in part.
Unpublished opinions are not binding precedent in this circuit.
DUNCAN, Circuit Judge:
Appellant M.D. appeals the district court’s dismissal for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii) of his mother’s pro se complaint filed on his behalf against the School Board of the City of Richmond (“School Board”) alleging violations of his rights under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. (“Title VI”) and Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688 (“Title IX”).[1] Although we would generally remand this appeal in full because non-attorney parents are not authorized to represent their children pro se in federal court, we are comfortable affirming the district court’s dismissal of M.D.’s Title VI claim as a matter of law, precisely as we did in Myers v. Loudoun County Public Schools, 418 F.3d 395, 401 (4th Cir.2005). To be clear, we adopt no new rule of antidiscrimination law nor hold that the use of racial epithets can never give rise to liability against a school board for failure to respond to student-on-student harassment for weeks under Title VI. We are not presented with those circumstances here.
As to M.D.’s Title IX claim, we conclude that remand for further proceedings is necessary to ensure his rights are not prejudiced here by his mother’s pro se representation below. Id. The district court did not hold, as the dissent inexplicably contends, that harassment based on sex stereotyping is not actionable under Title IX. It instead quite properly addressed the viability of a claim for harassment based on perceived sexual orientation that was alleged in the complaint. M.D. argues here that he in fact alleged harassment based on sex stereotyping. This confusion requires us to remand to provide M.D. with the opportunity to retain counsel to file a clarified Title IX complaint.
We therefore affirm the district court’s order in part, vacate the order in part, and *201 remand with instructions to provide to M.D. sixty days to retain counsel and file an amended Title IX claim. If M.D. fails to meet this deadline, we will affirm the district court’s order in full.
I.
A.
M.D.’s complaint alleges that the School Board is liable under Title VI and Title IX for its administrators’ response to alleged race-and gender-based student-on-student harassment M.D. endured while enrolled at Summer Hill Elementary School (“Summer Hill”) from January 8, 2013, through April 15, 2013.[2] During this three-month period, M.D., a six-year old African-American male, was a target of verbal and physical assaults and theft by his peers. He was mocked for failing to fight back and repeatedly called “gay.” M.D. became increasingly emotionally distressed and feigned illness to avoid school.
By February 2013, M.D.’s parents were in regular contact with Summer Hill. They notified Principal Sheleta Crews and Vice Principal Raymond Bowser about the harassment M.D. reported and requested, but did not immediately receive, information about the school’s bullying-prevention policies. Vice Principal Bowser told M.D.’s mother that he spoke to the offending students in response to M.D.’s allegations. M.D.’s mother also began contacting the School Board directly and received email responses.
Just prior to Summer Hill’s spring break, from March 29, 2013, through April 8, 2013, one Hispanic male student called M.D. “nigger,” “bitch,” and “motherfucker.” [3] M.D.’s mother told Vice Principal Bowser about the incident and urged him to impose greater discipline in response because, in her view, just speaking with the offending student was not enough. Vice Principal Bowser disagreed and said he was doing all that he could within the bounds of his authority. On April 10th, the Hispanic male student again called M.D. “nigger” and pointed to him calling to the surrounding students, “Look at my little monkey.” When M.D.’s mother informed Vice Principal Bowser and Principal Crews about the incident, Principal Crews promised to investigate later that day. On April 11th, Vice Principal Bowser told M.D.’s mother that he had spoken with the Hispanic male student, but Principal Crews did not begin an investigation that week. During spring break and the following week, M.D.’s mother also called the Richmond City Public School Administrative Offices repeatedly but received no response.
M.D.’s mother decided to withdraw her son from Summer Hill on April 15, 2013. That same day, she received a copy of the school’s bullying policies from Principal Crews. On April 17, 2013, a bullying specialist called M.D.’s mother and stated that he should have been called in sooner. Ultimately, M.D.’s mother decided to enroll her son at a new school, Bellevue Elementary, where he started on April 29, 2013.
II.
A.
On May 22, 2013, M.D.’s mother filed a pro se complaint against the School Board *202 alleging that her son’s rights under Title VI and Title IX were violated by its deliberate indifference to the student-on-student harassment he endured based on race and perceived sexual orientation. She argued that the school administrators’ decision not to escalate their response beyond speaking to the students was legally inadequate. She contended further that the School Board failed to appropriately train its administrators in responding to race- and gender-based harassment.
M.D. moved to proceed in forma pauper-is, triggering the district court’s review of the merits of the complaint under 28 U.S.C. § 1915(e). The district court held that M.D.’s complaint failed to state a claim upon which relief could be granted and dismissed the action pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii).
B.
Regarding M.D.’s Title IX claim, the district court held that harassment based on perceived sexual orientation is not actionable under Title IX. It also held that the complaint failed to sufficiently allege intentional discrimination by the School Board and therefore could not state a claim for relief under Title VI or Title IX. The district court concluded that the school administrators’ decision not to impose greater discipline during the two-month period after they received notice of the harassment was not “clearly unreasonable in light of the known circumstances.” Davis v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 648, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999). It noted that by April 15, 2013, Principal Crews had given M.D.’s mother a copy of the school’s bullying policies and two days later a bullying specialist contacted her but at that point, M.D.’s mother had withdrawn her son from Summer Hill. After the district court issued a final order denying M.D.’s motion for reconsideration based on the reasoning in its initial order, M.D. filed the present appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.
III.
Before reviewing the district court’s order under the familiar standard governing dismissals under Federal Rule of Civil Procedure 12(b)(6), we must determine whether remand is the only appropriate action because M.D., a minor, appeals his mother’s pro se complaint filed on his behalf. Myers, 418 F.3d at 401. To ensure minors’ rights are vigorously and competently protected, we have squarely held that non-attorney parents are barred from representing their children in federal court. Id. Generally, therefore, we would simply remand here for further proceedings.
We have, however, recognized a limited exception to the remand requirement if the minor is represented by counsel on appeal and asks us to decide a pure question of law mitigating any risk of prejudice. Id. Surprisingly, it is the government, not M.D., that urges us to remand. Now represented on appeal, M.D. contends that he is challenging the district court’s legal conclusions which, he argues, are erroneous and will not change even if he files an amended complaint clarifying the basis of his federal claims. Regarding Title IX, M.D. argues that the district court erred by failing to recognize that the complaint alleged harassment based on M.D.’s failure to conform to gender stereotypes, which in his view is actionable under Title IX. Under both Title VI and Title IX, M.D. argues that the district court erred as a matter of law by failing to hold that the complaint plausibly alleges that the school administrators’ response was clearly un *203 reasonable under Davis.[4] Thus, two of the requirements to avoid remand are met for both of M.D.’s statutory claims: he is represented by counsel and steadfastly urges us to decide this appeal. As explained below, however, we reach different conclusions as to whether M.D.’s Title IX and Title VI claims meet the most significant prerequisite, that the minor’s legal rights will not be prejudiced on appeal by a non-attorney parent’s pro se representation below. We discuss each statutory claim in turn.
A.
We conclude that M.D.’s rights will best be protected by the opportunity to retain and have counsel file a clarified Title IX claim on remand. The district court held as a matter of law that M.D.’s complaint failed to state a claim under Title IX because it alleged harassment based on perceived sexual orientation.[5] On appeal, M.D. contends that he actually alleged harassment based on a failure to conform to gender stereotypes. Thus he argues that the district court misunderstood the legal basis for his claim, and yet still maintains that he would be better served by a decision on the law here instead of by an opportunity to clarify his complaint on remand. We disagree. Our rule against non-attorney parents representing their minor children pro se aims to avoid exactly this type of potentially prejudicial confusion. We therefore vacate the district court’s order and remand with instructions to provide M.D. with sixty days to retain counsel and file an amended Title IX complaint. Our sixty-day deadline ensures that these further proceedings will not result in undue delay. We now address M.D.’s Title VI claim.
B.
M.D.’s Title VI claim falls into the limited exception to our remand requirement because it turns on a pure question of law mitigating any risk of prejudice. We therefore review de novo the district court’s dismissal for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir.2009). Although we accept as true all well-pleaded facts and draw all reasonable inferences in favor of the plaintiff, a complaint must “ ‘permit[ ][us] to infer more than the mere possibility of misconduct’ based upon ‘[our] judicial experience and common sense.’ ” Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 189 (4th Cir.2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). The facts alleged in M.D.’s complaint fail to meet this standard.
A private cause of action for damages under Title VI is authorized only for intentional discrimination based on race, color, or national origin. Franklin v. Gwinnett Cnty. Pub. Sch., 503 U.S. 60, 70, 112 S.Ct. *204 1028, 117 L.Ed.2d 208 (1992). Here, M.D. seeks to hold the School Board accountable for the actions of third parties, namely its administrators’ response to student-on-student harassment based on his race. While the school administrators were on notice that M.D. was being bullied by February 2013, the complaint only alleges specific facts regarding harassment based on race beginning at the end of March. Contrary to the dissent’s contention, therefore, the complaint cannot be construed to allege that the school knew M.D. was being harassed based on a protected characteristic under Title VI until weeks before his withdrawal from Summer Hill. As a matter of law, M.D. cannot plausibly allege the required intent by challenging only the timeliness and adequacy of the administrators’ response under these circumstances. In fact, Vice Principal Bowser and Principal Crews were given just days to respond because Summer Hill’s spring break fell just after M.D.’s mother reported the first incident, and Vice Principal Bowser spoke with the offending student by April 11th. By April 15, 2013, M.D.’s mother received a copy of the school’s bullying policies and two days later a bullying specialist contacted her. Although M.D.’s mother feels that the school’s response was dilatory and inadequate during this two week period and throughout M.D.’s time at Summer Hill, the complaint does allege that the school did in fact respond after being informed of the Hispanic male student’s use of racial epithets. We will not second guess the administrators’ decisions here. See Davis, 526 U.S. at 648, 119 S.Ct. 1661. Our reticence is particularly critical because a school must balance the rights of other students when shaping its response to reported bullying. We hold therefore that M.D.’s complaint fails to state a claim for relief under Title VI against the Richmond School Board.[6]
IV.
With sympathy for M.D.’s plight based on the allegations in his complaint and for his mother’s attempts to ensure her son’s well-being, we are nevertheless constrained to hold that his claim against the School Board for intentional discrimination under Title VI fails as a matter of law. For the reasons above, we direct the district court to provide to M.D. sixty days to retain counsel and file an amended Title IX complaint. The district court’s order is therefore

AFFIRMED IN PART AND VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.

. The complaint also named Summer Hill Elementary School Principal Sheleta Crews and Vice Principal Raymond Bowser as defendants in the Title VI and Title IX claims. The district court dismissed these defendants because Title VI and Title IX authorize claims only against recipients of federal funds. See 20 U.S.C. § 1681(a); 42 U.S.C. § 2000d. M.D. does not appeal these individual dismissals. He also does not appeal the district court’s dismissal without prejudice of the complaint’s state law claims. See Kendall v. City of Chesapeake, 174 F.3d 437, 444 (4th Cir.1999).

. We accept as true the well-pleaded facts in M.D.’s complaint and draw all reasonable inferences in his favor when reviewing the district court’s dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii). See Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir.1999).

. The exact date of this incident is somewhat unclear but construing the facts most liberally, we assume it occurred prior to Summer Hill’s spring break.

. On appeal, M.D. also argues that the district court should have held that M.D. stated a claim for relief under the Equal Protection Clause of the Fourteenth Amendment. However, the complaint does not allege that M.D.'s right to equal protection was violated and therefore the plausibility of this claim is not before us here. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985).

. As previously noted, the district court did not, as the dissent contends, hold as a matter of law that harassment based on sex stereotyping is not actionable under Title IX. Instead, it read the complaint as alleging harassment based on sexual orientation. J.A. 28 ("Here, Plaintiff's Title IX claim is based on other student’s [sic] incorrect perception of his sexual orientation, not his gender.”). In contrast to M.D.’s Title VI claim, therefore, M.D. contends on appeal that the district court failed to recognize the correct legal basis for his Title IX claim below.

. M.D.’s additional contention that the School Board should have been on notice that Summer Hill was a racially hostile environment and responded with greater education and prevention efforts is unsupported by any factual allegations. It therefore fails to "nudge[ ] [his] claim[ ] across the line from conceivable to plausible.” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 560, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).